# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D. No.    1811003121 |
| | ) | |
| | ) | |
| RONALD MADDREY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: April 26, 2020
Decided: June 9, 2020

**AND NOW TO WIT**, this 9th day of June, 2020, upon consideration of

("Defendant") Motion for Modification of Sentence, the State's Response,[1] the

Defense Attorney's Supplemental e-mail,[2] the sentence imposed upon the

Defendant, and the record in this case, it appears to the Court that:

1.    On May 30, 2019, Defendant pled guilty to Carrying a Concealed

Deadly Weapon ("CCDW"), Misdemeanor Resisting Arrest as a Lesser Included

Offense of Resisting Arrest, Possession of a Firearm by a Person Prohibited

("PFBPP"), and Possession of Ammunition by a Person Prohibited ("PABPP").[3] On

---

[1] On June 8, 2020, the State responded to Defendant's Motion for Modification.
[2] On June 8, 2020, Defendant's Attorney both entered her appearance and supplemented the Defendant's Motion with comments via email in reply to the State's Response in opposition.
[3] *See* Case Review Plea Hearing:  Pled Guilty/Sentenced, *State of Delaware v. Ronald Maddrey*, Crim. ID No. 1811003121, D.I. 17 (Del. Super. Ct. May 30, 2019) [hereinafter "Def.'s Plea"].

1

the same day, Defendant was sentenced to a sum of two years at Level V, followed by one year at Level III.[4]

2.     On April 26, 2020, Defendant filed this letter requesting that the Court allow him to transition down from his current Level IV placement.[5]  Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion.  Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[6]  The Court therefore considers this request under Superior Court Criminal Rule 35(b).

3.     In support of his request, Defendant states that due to his placement at Level IV Work Release, he is unable to work due to COVID-19 restrictions through the Department of Correction ("DOC").  If flowed down to Level III, he can resume his employment, support his young sister and children, and pay off his costs and fines.[7]

---

[4] Defendant received the following sentences:  (1) For the CCDW charge, eight years at Level V, suspended after two years a Level V, followed by one year at Level III; (2) For Resisting Arrest, one year at Level V, suspended immediately for one year at Level III; and (3) For PFBPP and PABPP charges, two years at Level V, suspended immediately for one year at Level III.  ASOP Order Signed and Filed on 5/31/19, *State of Delaware v. Ronald Maddrey*, Crim. ID No. 1811003121, D.I. 18 (Del. Super. Ct. May 30, 2019) [hereinafter "Def.'s Sentence"].  The Court ordered that Defendant's probation be served concurrently to any probation Defendant was serving at the time. *Id.*

[5] Defendant's Letter, *State of Delaware v. Ronald Maddrey*, Crim. ID No. 1811003121, D.I. 20 (Del. Super. Ct. Apr. 26, 2020) [hereinafter "Def.'s Mot."].

[6] *Jones v. State*, 825 A.2d 238, 2003 WL 21210348, at *1 (Del. May 22, 2003) (TABLE).

[7] Def.'s Mot. at pages 1-2.

4.     The sentence in Defendant's case was imposed pursuant to a Plea Agreement between the State and Defendant.[8]  After an appropriate colloquy, the Court addressed Defendant in open court pursuant to Superior Court Criminal Rule 11(c)(1) and determined that he understood the nature of the charge to which the plea was offered.  Defendant fully acknowledged in open court that the range of possible penalties included the sentence that was imposed by the Court in this case.  The State and Defendant agreed that following his Level V time, he would be flowed down to Level III.  The Court did not impose Level IV nor did the State request Level IV.

5.     Nevertheless, in January 2020, DOC has exercised its discretion to allow Defendant to serve the last six months of his Level V sentence at Level IV under 11 *Del. C.* § 6533(d).[9]  Where the Court ordinarily defers to DOC in its placement decisions, it appears that Defendant, according to DOC, has completed the Level V portion of his sentence.  Since Defendant is currently confined partially at Level IV Work Release, under Superior Court Criminal Rule 35(b), "[t]he Court

---

[8] *See* DEL. SUPER. CT. CRIM. R. 11(e); *see also* Def.'s Plea.
[9] *See* 11 *Del. C.* § 6533(d) ("[N]o person shall be permitted work release . . . until such person is within 6 months from the date of such person's release from custody, as determined by the [DOC], if the person is:  (1) Serving a sentence imposed for a class A felony; or (2) Serving a sentence imposed pursuant to § 4214 of this title; or  (3) Has previously been convicted of 2 or more of the following crimes set forth in this title under sections: . . . 1447 Possession of a deadly weapon during the commission of a felony; 1447A Possession of a firearm during the commission of a felony; 1448 Possession of a deadly weapon by a person prohibited; . . .").

3

may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[10]

6.     Defendant successfully transitioned out of Level V and found employment. The work stopped only due to the restrictions of DOC in response to the COVID-19 pandemic, and his work will resume if placed on Level III, as recommended by both sides, and as intended by the Court. It seems illogical for Defendant to remain at Level IV Work Release without the benefit of work, and without access to the intended rehabilitative or work programs.

**IT IS SO ORDERED** that Defendant's Motion for Modification is **GRANTED**. The sentence is modified as follows: eighteen months at Level V, followed by four months Level IV Work Release, followed by six months Level III GPS, followed by one year Level III.

<table>
<tr><td></td><td></td><td>/s/ Vivian L. Medinilla</td></tr>
<tr><td></td><td></td><td>Vivian L. Medinilla</td></tr>
<tr><td>oc:</td><td>Prothonotary</td><td>Judge</td></tr>
<tr><td>cc:</td><td>Department of Justice</td><td></td></tr>
<tr><td></td><td>Natalie Woloshin, Esquire</td><td></td></tr>
<tr><td></td><td>Investigative Services</td><td></td></tr>
<tr><td></td><td>Defendant</td><td></td></tr>
</table>

---

[10] DEL. SUPER. CT. CRIM. R. 35(b).